CLAUD KELLY v. THE STATE.

No. 9205.    Delivered June 10, 1925.

Perjury—Materiality—Must be Shown.

Where on a trial for perjury, the record fails to disclose the materiality of the purported false testimony, the cause will be reversed. That appellant swore on a trial for seduction that he had had intercourse with prosecutrix, it not being shown whether such intercourse occurred before or after the alleged seduction, presents no matter material to the issues in the seduction trial.

Appeal from the District Court of Freestone County. Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction of perjury; penalty, two years in the penitentiary.

The opinion states the case.

*Edwards & French,* for appellant.

101 Tex. Crim.—6.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Freestone County, for the offense of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years.

The record shows nothing more than that E. Walter Carter was charged with seducing Sedalia Dawson under an indictment alleging that the offense occurred on or about December 1st, 1921. There was no proof offered that the offense of seduction was commited December 1st, 1921. The indictment charging this offense was the only evidence offered on this issue. The State then showed that appellant swore in April, 1924, in the trial of the Carter case that he had intercourse with Sedalia Dawson in the summer of 1921, and introduced testimony tending to show that this statement was false. This evidence is insufficient to show the materiality of the false statement cited as perjury. It will be noted that the record does not show whether the act of intercourse to which appellant swore in the Carter case took place before or after prosecutrix was seduced, and there is no evidence even tending to show the period of time intervening between the time of the alleged seduction of prosecutrix and the summer of 1921, when appellant swore in the Carter case that he had intercourse with prosecutrix.

With the record as stated, it was utterly impossible for the trial court, as it is impossible for this court, to determine that the alleged false statement on which the perjury in this case was based was material.

Because the proof is insufficient to show that the alleged false testimony was material, this case is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.